UNITED STATES of America,

v.

Robert F. RICKUS, Dennis M. Nazarok.

Crim. No. 83–17.

United States District Court,
E.D. Pennsylvania.

Sept. 9, 1983.

Thomas Lee, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Anna Durbin, Philadelphia, Pa., for Nazarok.

Lawrence Richette, Philadelphia, Pa., for Rickus.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Urging reconsideration of a portion of our prior memorandum and order, 566 F.Supp. 96, the Government argues that we erred in applying Pennsylvania law which requires suppression of certain evidence seized by police from the defendants' locked car trunk. The Government further contends that *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), controls the issue at bar. Assuming, arguendo, that the Government's position is sound, we nonetheless reach the same conclusion which we reached in our prior memorandum.

In *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Supreme Court eliminated the distinction between the greater degree of privacy previously accorded objects of a warrantless police search which were located either in containers found within automobiles or in enclosed areas such as a glove compartment or trunk, and the lesser degree of privacy accorded objects found in plain view. The focus is now on the object of the search and the places in which there is probable cause to find that object. *United States v. Ross,* 456 U.S. at 824, 102 S.Ct. at 2172. Location alone no longer controls. The Court further described the scope of a warrantless search as being "no broader and no narrower than [that which] a magistrate could legitimately authorize by warrant". *United States v. Ross,* 456 U.S. at 825, 102 S.Ct. at 2172. Under the Fourth Amendment, a warrant shall not issue except "*upon probable cause,* supported by oath or affirmation,

*and particularly describing the place to be searched, and the persons or things to be seized.* U.S. Const.Amend. IV (emphasis added).

Turning to the facts of the *Ross* case, police officers received information from a reliable informant that Ross was selling narcotics which he kept in the trunk of a car. The informant had seen Ross take narcotics from the car trunk during the course of a sale and overheard him say that he possessed additional narcotics. *United States v. Ross,* 456 U.S. at 800, 817 n. 22, 102 S.Ct. at 2159, 2168 n. 22. Since no specific container within the car's trunk was described to police by the informant, the Court found the officers to have probable cause to search all containers therein which might conceal narcotics. *United States v. Ross,* 456 U.S. at 817, 825, 102 S.Ct. at 2168, 2172. The police ultimately seized from the car's trunk a brown paper bag containing glassine packets of heroin and a red zippered pouch containing $3200.00 in cash.[1] *United States v. Ross,* 456 U.S. at 801, 102 S.Ct. at 2160.

In the case at bar, we held that the arresting officers had probable cause to believe the defendants were about to commit a burglary. We further found the officers to be justified in seizing certain items observed in plain view in the car's interior, i.e., a flashlight, maps, a screwdriver and pliers, which are easily employed in a burglary. Moreover, we held that the observance of such items under the circumstances of this case gave the officers probable cause to believe other similarly utilized articles might be found within the car's passenger compartment. While confiscating the items in plain view, the officers conducted an exhaustive search of the remainder of the car's passenger area, including the glove compartment. That search produced additional items, i.e., a hunting knife, work gloves and a copper rod, which also could be used in a burglary.

The Government now contends that a further search of the vehicle's locked trunk for "additional burglar tools" is authorized by *Ross.* Its sole argument is that under *Ross,* probable cause to search the passenger area is equivalent to probable cause to search the trunk. Government's brief at pp. 9–10. We believe this interpretation of *Ross* is overly broad.

In further defining the scope of a warrantless automobile search, the Supreme Court stated that "[p]robable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab". *United States v. Ross,* 456 U.S. at 824, 102 S.Ct. at 2172. Likewise, probable cause to believe the passenger area of an automobile contains burglar tools does not alone justify a search of its trunk.

As was held in our prior memorandum, the officers' collective belief that additional burglar tools or other evidence would be found in the car's trunk is at best speculation. Unlike *Ross* where police had been given specific information beforehand by a reliable informant as to the type and location of contraband, the police in the case at bar had no advance knowledge as to any wrongdoing whatsoever on the part of the defendants. The officers gathered pieces of information during the course of the investigatory stop which ultimately gave them reason to believe and do certain things. However, none of the information obtained during their encounter with the defendants gave them probable cause to believe that additional burglar tools would be found in the car's trunk. We previously found that the decision to enter the locked trunk was predicated upon a statement by defendant Nazarok which we have suppressed. As indicated in its brief, the Government does not challenge the suppression of this statement. Government brief at p. 2, n. 1. While resolution of the issue at bar is not controlled by the officers' incorrect belief that the suppressed statement entitled

---

1. Having observed a "bullet" in plain view on the front seat of Ross's car, the police initially searched the car's interior and found a gun in the glove compartment. *United States v. Ross,* 456 U.S. at 801, 102 S.Ct. at 2160. The validity of this search was not challenged.

them to search the trunk, it further must be recognized that subjective good faith or suspicion on the part of police officers will not support the issuance of a search warrant or permit a warrantless search. *United States v. Ross,* 456 U.S. at 808, 102 S.Ct. at 2164; *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948).

Moreover, the Supreme Court's holding in *Ross* that the scope of a warrantless search is co-extensive with that which a magistrate could authorize by warrant, requires the actions of police officers to meet the Fourth Amendment's mandates of probable cause and particularity.[2] *United States v. Ross,* 456 U.S. at 800, 809, 102 S.Ct. at 2159, 2164. Under these requirements, the difficulty in "particularly describing ... the things to be seized" in the case at bar further weighs against permitting the warrantless search of the trunk. U.S. Const. Amend. IV. In *Ross,* the object of the warrantless search was narcotics which are easily recognizable as contraband. In the instant matter, the object of the search was burglar tools. As noted in the list of items seized by the officers, the burglar tools involved are ordinary household items with perfectly legal uses. Indeed, unlike some narcotics, none of the items seized was made to be used for purely illegal purposes. Since most of these items could be found in anyone's car, and since any variety of additional items could likewise be employed in a burglary, the officers would be hard put to "particularly describ[e]" the object(s) of their search. U.S. Const.Amend. IV. Further, to permit a general search for anything and everything that might be used in a burglary under the facts of the instant case would thwart the intent of the Fourth Amendment and greatly exceed those limitations left untouched by *Ross.*

For the reasons stated herein, we believe the result reached in our prior memorandum and order is the same as that which would be reached under *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The Government's contention that probable cause to search the trunk exists because probable cause to search the passenger area exists, calls for a result not warranted by the *Ross* opinion as applied to the facts of this case. Hence, we will deny the Government's motion.

2. *See* discussion p. 1235, *supra.*